11-2167-ag
Mena Lopez v. Holder

BIA
Cheng, IJ
A089 081 636

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve.

PRESENT:
        BARRINGTON D. PARKER,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*

_____

JAIME OMAR MENA LOPEZ,
        *Petitioner,*

        v.                                          11-2167-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Sandra P. Nichols, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer L. Lightbody,
                       Senior Litigation Counsel; Edward E
                       Wiggers, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaime Omar Mena Lopez, a native and citizen of El Salvador, seeks review of the April 29, 2011, decision of the BIA partially affirming the August 11, 2009, decision of Immigration Judge ("IJ") Mary Cheng denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mena Lopez*, No. A089 081 636 (B.I.A. Apr. 29, 2011), *aff'g* No. A089 081 636 (Immig. Ct. N.Y. City Aug. 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). The agency correctly determined that Mena Lopez failed to establish that he would more likely than not be persecuted on a protected ground as he

2

failed to demonstrate that he would be targeted based on his membership in a particular social group.

Mena Lopez defines his social group as Salvadoran youths who are victims of gang crime and report that crime to the police.  Mena Lopez first argues that the agency applied an "impermissibly strict definition of social visibility" in that it required the group to be physically visible such that its members would be "readily identifiable upon sight as a discre[te] group."  According to Mena Lopez, this "social visibility" definition conflicts with that advanced by the United Nations High Commissioner for Refugees ("UNHCR")—persons "who share a common characteristic other than their risk of being persecuted, or who are perceived as a group by society."  *See* UNHCR, Guidelines on International Protection: "Membership of a Particular Social Group" Within the Context of Article 1 A(2) of the 1951 Convention and/or its 1967 Protocol Relating to the Status of Refugees, U.N. Doc. HCR/GIP/02/02 (May 7, 2002), *available at* http://www.unhcr.org/refworld/docid/3d36f23f4.html ("UNHCR Guidelines").

Contrary to Mena Lopez's argument, the "social visibility" formulation used by the BIA incorporates the

3

UNHCR Guidelines and has been approved of by this Court.  In resolving Mena Lopez's appeal, the BIA relied on its precedential decisions in *Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74-76 (BIA 2007)*, aff'd by Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007), and *Matter of C-A-*, 23 I. & N. Dec. 951 (BIA 2006), to determine that Lopez's proposed group lacked the requisite "social visibility." *In Matter of C-A-*, the BIA considered various approaches when determining whether confidential informants against the Cali cartel in Colombia constituted a particular social group, including the UNHCR Guidelines Mena Lopez cites.  *See Matter of C-A-*, 23 I. & N. Dec. at 955-57.  Specifically, the BIA found that the UNHCR Guidelines emphasized "visibility" as an "important element in the existence of a particular social group."  *Id.* at 960 (citing UNHCR Guidelines at 2, 14).

Although *Matter of C-A-* is not binding on this Court, it is entitled to *Chevron* deference, under which we defer "to any reasonable interpretation of the statute adopted by the Board as the entity charged by Congress with the statute's enforcement."  *Ucelo-Gomez*, 509 F.3d at 72; *see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-45 (1984).  In *Ucelo-Gomez*, we

4

affirmed *Matter of A-M-E & J-G-U-*, which relied on *Matter of C-A-*'s "social visibility" test and explicitly held that the social visibility requirement expressed in *Matter of C-A-* is "consistent with this Court's reasoning that a 'particular social group is comprised of individuals who possess some fundamental characteristic in common which serves to distinguish them in the eyes of a persecutor–or in the eyes of the outside world in general.'" *See Ucelo-Gomez*, 509 F.3d at 72-74 (quoting *Gomez v. INS*, 947 F.3d 660, 664 (2d Cir. 1991)). Thus, the "social visibility" approach utilized in Mena Lopez's case is consistent with both BIA precedent and the precedent of this Court. *See Ucelo-Gomez*, 509 F.3d at 72-74. Further, to the extent Mena Lopez argues that the UNHCR's interpretation is binding on the BIA or this Court, such arguments are meritless. *Cf. INS v. Aguirre-Aguirre*, 526 U.S. 415, 427 (1999) (holding that while the United Nations Handbook on Procedures and Criteria for Determining Refugee Status is "a useful interpretive aid," "it is not binding on the Attorney General, the BIA, or United States courts").

Moreover, the BIA reasonably concluded that Mena Lopez's proposed group failed the "social visibility" test. In *Ucelo-Gomez*, we held that although the existence of past

5

harm is relevant to the "social visibility" test, "a social group cannot be defined exclusively by the fact that its members *have* been subjected to harm." 509 F.3d at 73 (quotation omitted) (emphasis in original). Thus, Mena Lopez may not rely on his status as a victim of gang crime alone to demonstrate his membership in a particular social group.

Mena Lopez attempts to narrow his definition by arguing that victims of gang crime who then report it to the police should be considered a discrete group because the act of publicly reporting the crime renders them identifiable and subject to retaliation. His argument is without merit. In this case, as was the situation in *Matter of C-A-* and *Matter of S-E-G-*, there is no record evidence indicating that the group of young male Salvadoran victims of gang crime who report it to the police are perceived as a group by society in El Salvador or are subject to a greater threat from gang violence than the general population. *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 587-88 (BIA 2008); *Matter of C-A-*, 23 I. & N. at 961. Mena Lopez has therefore failed to present evidence that "any 'group,' as actually perceived" by the criminals he reported to the police, "is much narrower than the general population" of El Salvador. *Matter of C-A-*, 23 I. & N. at 961.

As we find no error in the agency's determination that Mena Lopez's proposed group failed to qualify as a protected ground under the INA, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk